**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

CLIFTON E. PALMER,

    Plaintiff,

v.                                                Case No. 2:20-cv-02421-MSN-jay

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

**ORDER ADOPTING REPORT AND RECOMMENDATION**
_____

    Before this Court is Magistrate Judge Jon A. York's Report and Recommendation issued on October 1, 2020. (ECF No. 6.) Plaintiff had fourteen (14) days to file his Objections to the Report and Recommendation. (*Id.* at PageID 12.) His fourteen days have come and gone, and he has failed to file any objections. For the reasons below, the Court **ADOPTS** in its entirety the Magistrate Judge's Report and Recommendation.

**<u>BRIEF BACKGROUND</u>**

    Plaintiff Clifton Palmer brings this action against Defendant Andrew M. Saul, the acting Commissioner of the Social Security Administration.[1] (ECF No. 1 at PageID 1.) His complaint, which was filed on June 12, 2020, spans only a single page in length. (*Id.*) In it, Plaintiff purports to seek a review of his disability claim. (*Id.*) Plaintiff brings this action *pro se*; thus, this matter

---

1. The Court notes that Defendant has yet to be served in this matter.

was referred to the Magistrate Judge for the handling of all pretrial matters. (ECF No. 6 at PageID 9.)

In conjunction with the filing of his Complaint, Plaintiff also requested that he be granted leave to proceed *in forma pauperis*. (ECF No. 2.) The Magistrate Judge granted his request. (ECF No. 5.) As an additional consequence of being granted *in forma pauperis* status, the Magistrate Judge conducted an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2)(B). (ECF No. 6 at PageID 9). As part of his initial screening, the Magistrate Judge determined that Plaintiff had failed to demonstrate that he exhausted his administrative remedies in addition to failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at PageID 12.) Therefore, he recommends that Plaintiff be granted leave to amend his complaint, and also, that Plaintiff attach documents from the Social Security Appeals Council or any other documents that reflects he has exhausted his administrative remedies. (*Id.*)

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no

objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## ANALYSIS

The Magistrate Judge issued his Report and Recommendation on October 1, 2020. (ECF 6.) The Report contained in bolded letters the following disclaimer:

> **ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

(*Id.*) Plaintiff's time to file his Objections has expired.  Without any objections to the Report and Recommendation, the Court is not obligated to review the Magistrate Judge's findings.  *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Having done so anyway, the Court agrees with the Magistrate Judge's Report and Recommendation.  Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety.  Plaintiff shall have leave to file an amended complaint.  He shall file his amended complaint on or before December 2, 2020.  Further, Plaintiff shall attach to his amended complaint evidence demonstrating that he has exhausted his administrative remedies as laid out in the Magistrate Judge's Report and Recommendation.  Failure to file by December 2, 2020, may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      **IT IS SO ORDERED** this 3rd day of November, 2020.

                                            *s/ Mark Norris*
                                            MARK S. NORRIS
                                            UNITED STATES DISTRICT JUDGE